UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK REALTY PARTNERS, L.P.,

                Plaintiff,

  -against-                            1:07-CV-0867
                                             (LEK/DRH)

APPLETON PAPERS, INC.,

                Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**[1]

Presently before the Court is a Motion for partial summary judgment, filed by Appleton Papers, Inc. ("Defendant") on February 8, 2008. Dkt. No. 18.

**I.**    **Background**

A document titled "Standard Industrial Lease-Net" ("the Contract"), dated July 1, 1996, created a Contract between Plaintiff lessor New York Realty Partners, L.P. ("Plaintiff"), and Defendant lessee, for the lease of a 450,000 square foot warehouse building ("the Property") on 19 acres of land in Feura Bush, New York. Contract (Dkt. No. 18, Attach. 2, Ex. A). The Contract became effective on November 1, 1996, and was to run until July 31, 2007. Upon the expiration of the Contract, the Plaintiff filed a Complaint, claiming that the Defendant had failed and neglected to maintain and repair specific parts of the property in accordance with the terms of the Contract. Complaint (Dkt. No. 1, Attach. 1). The Plaintiff is suing the Defendant to recover the cost of repairing damage to the property, including but not limited to, the roof and skylights, structural columns, and the parking lot.

_____
[1] For printed publication in the Federal Reporter.

1

In the instant motion, the Defendant argues that partial summary judgment should be granted in its favor because the plain language of the Contract places responsibility on Plaintiff for repairs to the roof, structural columns, and paving of the parking lot . See Dkt. No. 18.  The Plaintiff's Response in Opposition argues that the plain language of the Contract stipulates that the Plaintiff's obligations shall not be applicable to any damage caused by the negligence or misconduct of the Defendant or its employees.  See Dkt. No. 20.  Further, the Plaintiff contends that there are genuine issues of material fact that are in dispute, relating to Defendant's possible negligence and misconduct in causing the damage in question, which should preclude the court from granting the Defendant's Motion for partial summary judgment.

**II.    Discussion**

A.    The Standard For Summary Judgment

"Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."  Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc. 448 F.3d 573, 579 (2d Cir. 2006) (quoting D'Amico v. City of New York 132 F.3d 145, 149 (2d Cir. 1998)).  A material fact is one that would "affect the outcome of the suit under the governing law."  Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).  In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show, by affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). In determining whether to grant summary judgment, the Court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, — U.S. —, 127 S.Ct. 1769, 1776 (2007) (quoting Fed. R. Civ. P. 56(c)).

B.    The Roof and Skylights

Section 7.1 of the Contract obligates the Defendant to "keep in good order, condition and repair the non structural portions of the Premises . . . including . . . skylights." Contract at 3 (Dkt. No. 18, Attach. 2, Ex. A). Section 7.1A of the Contract states that the Plaintiff must "maintain and repair the . . . roof [and] structural components of the Building . . . provided however that the obligations herein provided shall not be applicable to any damage caused by the negligence or misconduct of Lessee or its employees." Id. In its Response in Opposition, the Plaintiff presents affidavits and other admittable evidence claiming that damage to the roof and damage to the automatic fire sprinkler system was caused by the Defendant's failure to fulfill a contractual duty to properly maintain and repair the skylights. See, e.g. Response in Opposition at 6 (Dkt. No. 20) (repair work done by the Defendant was grossly defective); Id. at 7 (a number of replacement skylights were not the correct dimension, and an insufficient number of fasteners were used to secure the new skylights); Id. at 8 (the effect of the leaking skylights would eventually rot out the

3

wood blocking under the skylights and corrode the metal deck); Id. at 9 (the proper repairs may have prevented a premature failure of the roofing system).

A reasonable jury may find, based on this evidence, that the Defendant was negligent and did not perform their contractual obligation to maintain and repair the skylights. See Sonny Boy Realty, Inc. v. City of New York, 780 N.Y.S.2d 123, 124 (1st Dept., 2004) (finding the lease expressly provided that the landlord was obligated to make all structural repairs, but that the tenant was obligated to make structural repairs necessitated by its negligence); Williamsburg Food Specialties, Inc. v. Kerman Protection Systems, Inc., 613 N.Y.S.2d 30, 31 (2d Dep't., 1994) (finding that defendant in breach of contract action was not entitled to summary judgment because there was a fact issue as to whether the defendants were grossly negligent). Additionally, a reasonable jury may find that the Defendant was the first to breach the contract, and therefore the Plaintiff cannot be held liable for its subsequent failure to fulfill its contractual obligation to maintain and repair the roof and structural components of the building. See Castia, LP v. Maplewood Equity Partners (Offshore) Ltd., 851 N.Y.S.2d 68 (N.Y.Sup. 2007), 2007 WL 429474, 7 (finding when a party has breached a contract, that breach may excuse the non-breaching party from further performance if the breach is material, and in such a case, the non-breaching party is discharged from performing any further obligations under the contract); Inn Between, Inc. v. Remanco Metropolitan, Inc., 662 N.Y.S.2d 1011, 1014 (2d Cir. 1997) (finding one party was relieved from their contractual obligation to perform once the other party failed to perform their contractual obligation). The Defendant offered no evidence either supporting or contradicting the Plaintiff's evidence and affidavits. The court cannot grant summary judgment if material facts remain in dispute. See Fed. R. Civ. P. 56(c).

In the case of the skylight, roof, and related structural damage, the Court finds that there are material facts in dispute which would affect liability. The Court finds that the affidavits and evidence submitted by the Plaintiff concerning the negligence of the Defendant and the cause of the warehouse damage present genuine issues of material fact. Accordingly, partial summary judgment as to warehouse damage linked to the skylights is denied.

C.   The Structural Columns

Section 7.1A of the Contract obligates the Plaintiff to "maintain and repair . . . structural components of the building . . . provided, however that the obligations herein provided shall not be applicable to any damage caused by the negligence or misconduct of Lessee or its employees . . .". Contract at 3. In its Response in Opposition, the Plaintiff presented admissible evidence and affidavits relating to the damage done to the structural beams inside the warehouse. See, e.g. Response in Opposition at 10 (49 of 242 columns require repairs to ensure that they can support loads required by the Building Code of New York State); Id. at 11 (the damaged columns were damaged by forces other then normal building forces; the damage was consistent with damage resulting from the columns being struck by forklift trucks); Id. at 12 (the damage appears intentional or negligent).

Similar to the negligence analysis applied to the skylights, "the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Further, the Defendant did not offer any supporting or contradictory evidence on the matter. If a reasonable fact-finder concluded that the Defendant's negligence caused the damage to the structural columns, under the terms of the Contract, the Defendant may be found liable. See Sonny Boy Realty, 780 N.Y.S.2d at 124; Fifty-Five Corp. v. 10 West 66th Street Corp, 632 N.Y.S.2d 106,

5

107 (1st Dep't., 1995) (denying summary judgment because questions of fact existed as to the presence of negligence); Bell v. Bengomo Realty, Inc., 829 N.Y.S.2d 42, 45 (1st Dep't. 2007) (same).

The Court finds that genuine issues of material fact remain in dispute relating to the damage to the structural columns. Partial summary judgment as to the damage to the structural columns is therefore denied.

D.   The Parking Lot and Other Outdoor Property

Section 7.1 of the Contract obligates the Defendant to "keep in good order, condition and repair the non structural portions of the Premises . . . including . . . driveways and parking lots (except that Lessee shall not be obligated to repave the same), fences and signs located on the Premises and sidewalks and parkways adjacent to the Premises." Contract at 3. In its Response in Opposition, the Plaintiff again presented admissible evidence and affidavits which it contends presents genuine issues of material fact that are in dispute. See e.g. Response in Opposition at 12, 14 (Defendant's failure to perform its maintenance responsibilities contributed to the premature failure of the concrete pavement and concrete slabs); Id. at 13 (trailers caused damage to the fence, fence posts, concrete paving, pipe bollards, and concrete edging).

Under the above negligence analysis, genuine issues of material fact exist if "the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Again, the Defendant did not offer any supporting or contradictory evidence on the matter. The reasonable fact-finder may find the Defendant negligent and therefore liable under the terms of the Contract. See Sonny Boy Realty, 780 N.Y.S.2d at 124; Fifty-Five Corp., 632 N.Y.S.2d at 107; Bell, 829 N.Y.S.2d at 45.

The Court finds that genuine issues of material facts remain in dispute relating to the possible negligence and causation of damage related to the pavement and other outdoor structures including the concrete pavement, concrete slabs, concrete edging and curbing, the chain link fence, and pipe bollards.  Partial summary judgment as to the damage to the parking lot and other mentioned outdoor property is therefore denied.

**III.    Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for partial summary judgment (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

DATED:    July 03, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge